| | |
|---|---|
| 1 | Lori N. Brown (SBN: 027952) |
| 2 | Solomon S. Krotzer (SBN: 027985) |
|   | **GORDON REES SCULLY MANSUKHANI, LLP** |
| 3 | Two North Central Avenue, Suite 2200 |
|   | Phoenix, AZ 85004 |
| 4 | Telephone: (602) 794-3651 |
|   | Facsimile: (602) 265-4716 |
| 5 | lbrown@grsm.com |
|   | skrotzer@grsm.com |
|   | *Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Megan Burns, | CASE NO. **4:24-cv-00021-JGZ** |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT ANTON COCROFT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| New SWVMG, LLC dba Southern Arizona Veterinary Specialty & Emergency Center; and Anton Cocroft, | |
| Defendants. | |

Defendant Anton Cocroft ("Cocroft") hereby submits its Answer to Plaintiff's Complaint [Doc. 1].

Cocroft hereby affirmatively states that factual investigation into the allegations set forth in the Complaint is ongoing, and therefore Cocroft reserves the right to supplement and/or amend this responsive pleading as more information comes to light.

Cocroft hereby affirmatively asserts that unless specifically admitted to in this Answer, Cocroft denies each and every allegation in the Complaint.

1.  Cocroft is without sufficient information to admit or deny the allegations in Paragraph 1, and therefore Paragraph 1 is denied on this basis.

2.  Cocroft is without sufficient information to admit or deny the allegations in Paragraph 2, and therefore Paragraph 2 is denied on this basis.

3. Admit.

4. Cocroft admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and other statutes cited to in Paragraph 4. Cocroft denies that these statutes and/or causes of action have any bearing on Cocroft. Cocrfot denies violations of any of the statutes referred to in Paragraph 4 and denies that Plaintiff is entitled to any of the requested relief against Cocroft.

5. Cocroft is not disputing venue or jurisdiction at this time. Cocroft denies that the statutes referred to in Paragraph 5 pertain to any claims raised against Cocroft.

6. Cocroft admits only that he lived in Pima County during the period referred to in the Complaint. As to the remaining allegations, Cocroft is without sufficient information to admit or deny the remaining allegations in Paragraph 6, and therefore the remaining allegations in Paragraph 6 are denied on this basis.

7. Cocroft is not disputing venue or jurisdiction at this time.

8. Cocroft is without sufficient information to admit or deny the allegations in Paragraph 8, and therefore Paragraph 8 is denied on this basis.

9. Cocroft is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore Paragraph 9 is denied on this basis.

10. Cocroft denies Paragraph 10.

11. Cocroft denies Paragraph 11.

12. Cocroft is without sufficient information to admit or deny the allegations in Paragraph 12, and therefore Paragraph 12 is denied on this basis.

13. As to allegations about what the Company knew, Cocroft is without sufficient information to admit or deny these allegations in Paragraph 13, and therefore these allegations in Paragraph 13 are denied on this basis. As for the remaining allegations, Cocroft denies the allegations as characterized and refers Plaintiff to the public records which speak for themselves.

14. Cocroft denies Paragraph 14.

15. Cocroft denies Paragraph 15.

1      16.     Cocroft denies Paragraph 16.

2      17.     Cocroft is without sufficient information to admit or deny the allegations in
3 Paragraph 17, and therefore Paragraph 17 is denied on this basis.

4      18.     Cocroft is without sufficient information to admit or deny the allegations in
5 Paragraph 18, and therefore Paragraph 18 is denied on this basis.

6      19.     Cocroft is without sufficient information to admit or deny the allegations in
7 Paragraph 19, and therefore Paragraph 19 is denied on this basis.

8      20.     Cocroft is without sufficient information to admit or deny the allegations in
9 Paragraph 20, and therefore Paragraph 20 is denied on this basis.

10     21.     Cocroft is without sufficient information to admit or deny the allegations in
11 Paragraph 21, and therefore Paragraph 21 is denied on this basis.

12     22.     Cocroft is without sufficient information to admit or deny the allegations in
13 Paragraph 22, and therefore Paragraph 22 is denied on this basis.

14     23.     Cocroft is without sufficient information to admit or deny the allegations in
15 Paragraph 23, and therefore Paragraph 23 is denied on this basis.

16     24.     Cocroft is without sufficient information to admit or deny the allegations in
17 Paragraph 24, and therefore Paragraph 24 is denied on this basis.

18     25.     Cocroft is without sufficient information to admit or deny the allegations in
19 Paragraph 25, and therefore Paragraph 25 is denied on this basis.

20     26.     Cocroft is without sufficient information to admit or deny the allegations in
21 Paragraph 26, and therefore Paragraph 26 is denied on this basis.

22     27.     Cocroft is without sufficient information to admit or deny the allegations in
23 Paragraph 27, and therefore Paragraph 27 is denied on this basis.

24     28.     Cocroft is without sufficient information to admit or deny the allegations in
25 Paragraph 28, and therefore Paragraph 28 is denied on this basis.

26     29.     Cocroft is without sufficient information to admit or deny the allegations in
27 Paragraph 29, and therefore Paragraph 29 is denied on this basis.

28     30.     Cocroft is without sufficient information to admit or deny the allegations in

1   Paragraph 30, and therefore Paragraph 30 is denied on this basis.

2         31.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 31, and therefore Paragraph 31 is denied on this basis.

      32.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 32, and therefore Paragraph 32 is denied on this basis.

      33.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 33, and therefore Paragraph 33 is denied on this basis.

      34.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 34, and therefore Paragraph 34 is denied on this basis.

      35.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 36, and therefore Paragraph 36 is denied on this basis.

      36.    As to whether Plaintiff continues to seek treatment, Cocroft is without sufficient information to admit or deny these allegations in Paragraph 36, and therefore these allegations in Paragraph 38 are denied on this basis. As to the allegation that Cocroft caused Plaintiff the conditions pertaining to this treatment, Cocroft denies these allegations in Paragraph 36.

      37.    Cocroft is without sufficient information to admit or deny the allegations in Paragraph 37, and therefore Paragraph 37 is denied on this basis.

**COUNT ONE**
**(Sexual Harassment in violation of Title VII)**
**(Against the Company)**

Paragraphs 38 through 45 are not directed to Cocroft so no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraphs 38 through 45 and therefore denies the same.

**COUNT TWO**
**(Retaliation in violation of Title VII)**
**(Against the Company)**

Paragraphs 46 through 51 are not directed to Cocroft so no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to

-4-

form a belief about the truth of the allegations in Paragraphs 46 through 51 and therefore denies the same.

### COUNT THREE
### (Violations of the ADA)
### (Against the Company)

Paragraphs 52 through 59 are not directed to Cocroft so no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraphs 52 through 59 and therefore denies the same.

### COUNT FOUR
### (Violations of the FMLA)
### (Against the Company)

Paragraphs 60 through 67 are not directed to Cocroft so no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraphs 60 through 67 and therefore denies the same.

### COUNT FIVE
### (Assault)
### (Against Anton Cocroft)

As to Paragraphs 68 through 73 Cocroft hereby invokes his right against self-incrimination pursuant to the Fifth Amendment of United States Constitution and § 10 of the Arizona Constitution.  U.S.C.A. Const. Amend. 5; A.R.S. Const. Art II. § 10; *State v. Ott,* 167 Ariz. 420, 425 (App. 1990) (holding defendant entitled to invoke privilege in civil matter when faces with requests for admission).

### COUNT SIX
### (Battery)
### (Against Anton Cocroft)

As to Paragraphs 74 through 79 Cocroft hereby invokes his right against self-incrimination pursuant to the Fifth Amendment of United States Constitution and § 10 of the Arizona Constitution.  U.S.C.A. Const. Amend. 5; A.R.S. Const. Art II. § 10; *State v. Ott,* 167 Ariz. 420, 425 (App. 1990) (holding defendant entitled to invoke privilege in civil matter when faces with requests for admission).

# COUNT SEVEN
### (Negligent and/or Reckless Hiring/Retention/Supervision)
### (Against the Company)

Paragraphs 80 through 89 are not directed to Cocroft so no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraphs 80 through 89 and therefore denies the same.

## AFFIRMATIVE DEFENSES

Cocroft hereby presents the following affirmative defenses. Cocroft hereby affirmatively states that factual investigation into the allegations set forth in the Complaint is ongoing, and Cocroft reserves the right to supplement and/or amend these affirmative defenses as more information comes to light.

1. Consent: At all material times, Plaintiff granted consent.

2. Assault: Plaintiff has failed to properly allege any act or omission, and will fail to prove at trial, the essential elements of assault.

3. Battery: Plaintiff has failed to properly allege any act or omission, and will fail to prove at trial, the essential elements of battery.

4. No Causation: Plaintiff's claims are barred because Plaintiff's damages, if any, were not caused by any action or omission of Cocroft.

5. Third Parties: Plaintiff's damages, if any, were caused by third parties or co-defendants.

6. No Willful Act/No Intent: Plaintiff has failed to allege any act or omission, and will fail to prove at trial, that Cocroft acted with requisite intent or recklessness.

7. Speculative Damages: Plaintiff is not entitled to any damages, including those set forth in his Complaint, that are speculative.

8. Punitive Damages: Plaintiff is not entitled to punitive or exemplary damages. Such damages are barred by the due process and equal protection clauses of the U.S. Constitution.

9. Equitable Defenses: So the same are not waived, Cocroft hereby asserts the equitable defenses of laches, estoppel and unclean hands.

10. Cocroft reserves the right to stay these proceedings pending resolution of the criminal case against him in which he has pled not guilty.

11. Cocroft expressly reserves the right to amend its Answer to assert additional affirmative defenses, and to supplement, alter or change its Answer and Affirmative Defenses upon revelation of more definitive facts by Plaintiff and upon Cocroft's undertaking of discovery and investigation of this matter.

## REQUEST FOR RELIEF

**WHEREFORE**, Cocroft requests entry of judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That Judgment be entered in favor of Cocroft;
3. For an award of reasonable attorney's fees and costs incurred in defending this action as a matter of contract and/or law; and
4. For such further relief as the Court may deem just and proper.

Dated this 26th day of April 2024.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Solomon S. Krotzer*
   Lori N. Brown
   Solomon S. Krotzer
   Attorney for Defendant Anton Cocroft

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a notice of electronic filing to all counsel and parties of record.


By: /s/ Diane Archie